UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MARTINEZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 16-cv-10389 ) ) |
| CITIZEN'S TAXI DISPATCH, INC., and | ) ) |
| PATRICIA SHELTON, | ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff DANIEL MARTINEZ ("Plaintiff" or "Martinez") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Complaint against Defendants Citizen's Taxi Dispatch, Inc., a Corporation ("Citizen's Taxi Dispatch") and Patricia Shelton ("Shelton," collectively "Defendants"), an individual, states as follows:

### NATURE OF CLAIMS

1. Plaintiff brings this class and collective action on behalf of himself and others similarly situated to challenge Defendants' unlawful practice of misclassifying their drivers as "independent contractors" when they are properly characterized as employees under both statutory and common law.

2. As a result of Defendants' misclassification, Plaintiff and other similarly situated employees were deprived of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IWML"), 802 Ill. Comp. Stat. 105/1, *et seq.*, that illegal deductions were taken from their wages in violation of the

1

Illinois Wage Payment Collection Act ("IWPCA"), 802 Ill. Com. Stat. 115/9, and that Defendants were unjustly enriched under Illinois common law by requiring drivers to pay all work-related expenses.

3. This lawsuit is brought as a collective action under 29 U.S.C. 216(b) to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid overtime under the IMWL, unlawful deductions under the IWPCA, and work-related expenses under common law unjust enrichment.

## THE PARTIES

4. Plaintiff Martinez resides and is domiciled in this judicial district. As required by 29 U.S.C. § 216(b), Plaintiff's consent to become a party plaintiff is attached as Exhibit A to this Complaint.

5. Defendant Citizen's Taxi Dispatch is an Illinois Corporation located at 408 Birch Drive, Wheaton, IL 60187.

6. Defendant Patricia Shelton is owner of Citizen's Taxi Dispatch, residing at 313 N. Fleming Road, Woodstock, IL 60098. She is the individual in charge of Citizen's Taxi Dispatch day-to-day business operations. Defendant Shelton hires and fires drivers, directs and supervises employees, distributes paychecks to drivers, and labels drivers as independent contractors.

7. At all material times hereto, Defendant Citizen's Taxi Dispatch and Defendant Shelton were the "employer" of Plaintiff and those similarly situated as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

8. At all material times hereto, Plaintiff and those similarly situated were employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq.*

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA, and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

10. From at least 2013 to the present, Defendants Citizen's Taxi Dispatch was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s).

11. The annual gross sales volume of Citizen's Taxi Dispatch was in excess of $500,000.00 per each year since 2013.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants are located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

13. Defendant Citizen's Taxi Dispatch is a corporation in the business of providing student transportation services to school districts in and around DuPage County, Illinois.

14. Defendants maintain contracts with school districts in DuPage County, Illinois, including an agreement with Community Unit School District 200, which serves the communities of Wheaton, Illinois and Warrenville, Illinois.

3

15. Defendants also provide general taxi services to individuals in and around the DuPage County, Illinois area. The vast majority of the business involves servicing its contracts with school districts.

16. As part of its contracts with school districts, Defendants agrees to provide transportation to students in the school district requiring transportation from the student's residence to a school, or vice versa.

17. Plaintiff was employed by Defendants from February 29, 2016 through September 2, 2016.

18. Plaintiff was employed by Defendants primarily to transport students to and from school pursuant to Defendants' contracts with the school districts.

19. As a driver, Plaintiff performed a core function of Defendants' business.

20. Defendants assigned Plaintiff a weekly schedule, which often did not change from week-to-week. This frequently resulted in Plaintiff picking-up and dropping-off the same students at the same times each week.

21. If a driver fails to complete a route as part of the driver's schedule, he or she is subject to discipline, up to and including termination.

22. As a condition of employment, Defendants require their drivers to sign a contract with Citizen's Taxi Dispatch, which mischaracterizes the driver as an "independent contractor." These contracts are designed to conceal the true nature of the relationship between Defendants and their Illinois delivery drivers – that of employer and employee.

23. These contracts, drafted by Defendants, are contracts of adhesion. Drivers have no ability to negotiate the terms of the contracts.

4

24. Despite labelling the drivers as "independent contractors," Defendants retain the absolute right to control and direct the work of its drivers.

25. Defendants control the manner in which drivers perform their jobs. For example:

    a. All drivers are required to complete a qualification process as a precondition of employment, including a detailed background check and drug screen;

    b. Drivers are subject to random drug testing throughout their employment with the company;

    c. Defendants assign drivers a weekly schedule, which largely does not change from week-to-week;

    d. Drivers have no authority to refuse or negotiate their route assignment;

    e. If a driver fails to complete a route as part of the driver's schedule, he or she is subject to discipline, up to and including termination;

    f. If a driver is unable to drive a pre-assigned route on a particular day, he or she must find a replacement or substitute approved by Defendants;

    g. Defendants require drivers to pick-up and drop-off students at precise times;

    h. Drivers are not permitted to change or alter their weekly scheduled routes;

    i. Defendants often contact drivers during their shift to check on their location or the status of their assigned schedule; and

    j. Client complaints are communicated through Defendants rather than directly to drivers.

26. Defendants do not require drivers to obtain any certifications or licenses specific to transporting individuals or students.

27. Defendants require their drivers to rent a vehicle from Defendants to be able to fulfill its contracts with school districts. Defendants deduct the driver's weekly rent from his or her paycheck.

28. Defendants pay the insurance for the vehicles that the drivers use.

29. Defendants retain the right to discipline or terminate drivers at will, as would an employer.

30. Defendants negotiate the price of routes directly with school districts.

31. Defendants apparently compensate drivers per mile driven, but the rate paid depends on the route taken. Defendants do not explain how the different rates are calculated or determined.

32. Defendants deducted certain expenses from drivers' paychecks, including but not limited to:

    a. Weekly car rental payments;

    b. Tickets paid by the company; and

    c. Towing payments in retrieving the vehicle from a discharged employee.

33. Drivers were required to pay Defendants' operating expenses, all of which should have been paid by Defendants, including, but not limited to:

    a. Weekly car rental payments;

    b. Delivery vehicle maintenance and repairs;

    c. Illinois toll payments; and

    d. Fuel.

34. Drivers regularly work in excess of forty (40) hours per week. Drivers classified as independent contractors are not compensated at an overtime rate of pay for work in excess of forty (40) hours per week.

## CLASS AND COLLECTIVE ALLEGATIONS

35. Plaintiff seeks to prosecute the case on behalf of current and former Citizen's Taxi Dispatch drivers who were improperly classified as independent contractors.

36. Plaintiff brings the FLSA claims a collective action under 29 U.S.C. § 216(b), and the remaining claims as a class action under Federal Rule of Civil Procedure 23.

37. For both collective and class action purposes, the proposed class consists of:

> All persons who have provided driver services directly to Citizen's Taxi Dispatch in the State of Illinois at any time during the relevant statutory period, who were not treated as employees of Citizen's Taxi Dispatch.

38. The relevant time period for Count I and II is for work performed within the past three (3) years preceding the filing of this Complaint. For Count III, the relevant time period is for work performed within the past ten (10) years preceding this lawsuit's filing to the day of trial. For Count IV, the relevant time period is for work performed within the past five (5) years preceding this lawsuit's filing.

39. The members of the class are so numerous that joinder of all members of the Class is impracticable.

40. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are based on a finding that Defendants misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

41. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the named Plaintiff and the potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

42. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

43. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which could be contrary to the interest of justice and equity.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action under 29 U.S.C. § 216(b))

44. Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. Defendants failed to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA, 29 U.S.C. § 201.

46. For example, during the week beginning April 4, 2016, Plaintiff worked approximately fifty-six (56) hours for Defendants. During the week beginning May 16, 2016,

8

Plaintiff worked approximately fifty-four (54) hours for Defendants. Plaintiff was not paid a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) in these weeks and all other weeks he worked over forty (40) hours.

47. During the course of their employment with Defendants, Plaintiff and others similarly situated drivers were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

48. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants' failure to pay overtime to Plaintiff was willful. Defendants knew Plaintiff and others similarly situated were not compensated at a rate of one-and-one-half times their regular rate of pay for all time worked in excess of forty (40) hours, and had no reason to believe their failure to pay overtime was not a violation of the FLSA.

50. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

## COUNT II
### Illinois Minimum Wage Law
### (Class Action under Federal Rule of Procedure 23)

51. Plaintiff hereby realleges and incorporates paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52. Defendants failed to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) per work week in violation of IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

53. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

## COUNT III
### Illinois Wage Payment and Collection Act

**(Class Action under Federal Rule of Procedure 23)**

54. Plaintiff hereby realleges and incorporates paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55. Defendants violate the IWPCA, 820 Ill. Comp. Stat. 115/1 *et seq.*, by making unlawful deductions taken by Defendants from their pay.

56. Plaintiff seeks all unpaid wages as well as reimbursement for all unlawful deductions taken by Defendants from their pay.

## COUNT IV
## Unjust Enrichment
**(Class Action under Federal Rule of Procedure 23)**

57. Plaintiff hereby realleges and incorporates paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58. As a result of Defendants' mischaracterization of Plaintiff and those similarly situated as "independent contractors," they are required to pay substantial sums of money for work-related expenses, including but not limited to weekly vehicle rent payments, Illinois toll payments, and delivery vehicle maintenance and repairs.

59. By misclassifying its employees as "independent contractors," and further by requiring those employees to pay Defendants' own expenses, Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all similarly situated employees whom Plaintiff seeks to represent in this action, request the following:

1. Certification of Count I of this lawsuit as a collective action brought pursuant to 29 U.S.C. § 216(b);

2. That Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present drivers classified as independent contractors that performed driving services during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

3. That the Court find the Defendants' violations of the FLSA were willful;

4. Certification of Counts II through IV of this case as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure;

5. Designation of Plaintiff as representative of the class and collective actions;

6. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, IWPCA, and Illinois common law.

7. Restitution for all wages and overtime payments that are due to Plaintiff and the Class because of their misclassification as independent contractors;

8. Restitution for all other benefits due to Plaintiff and the Class to which they are entitled as employees;

9. Restitution for all deductions taken from Plaintiff and the Class;

10. Restitution for all of Defendants' operating expenses that Plaintiff and the Class were required to pay;

11. Attorney's fees and costs; and

12. Any other relief to which the Plaintiff and the Class members may be entitled.

**DEMAND FOR JURY TRIAL**

Dated: November 7, 2016 	Respecfully submitted,
	DANIEL MARTINEZ

	By:	/s/ David J. Fish
		One of his attorneys

David J. Fish
THE FISH LAW FIRM, P.C.
200 E. 5th Ave., Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400
dfish@fishlawfirm.com

Quinton Osborne
Osborne Employment Law LLC
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
T: 331-702-1538
F: 331-465-0450
Quinton@OsborneEmploymentLaw.com